United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VALLA DJAFARI,

Plaintiff,

v.

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, et al.,

Defendants.

Case No. 25-cv-05024-JST

**ORDER DENYING MOTION TO TRANSFER VENUE**

Re: ECF No. 31

Now before the Court is motion to transfer venue filed by Defendants Berkshire Life Insurance Company of America ("Berkshire") and Guardian Life Insurance Company of America ("Guardian"). ECF No. 31. The Court will deny the motion.

## I. BACKGROUND

Plaintiff Dr. Valla Djafari is a resident of California and an ophthalmologist who was diagnosed with severe depression and impairment in 2023. ECF No. 1 ¶¶ 1, 14–16. Prior to his diagnosis, Djafari owned a medical practice in Austin, Texas that he was forced to sell in 2023 because he could no longer work. *Id.* ¶¶ 15, 35. Djafari maintained two own-occupation individual disability income insurance policies from Guardian and Berkshire, which merged with Guardian in 2001. *Id.* ¶ 12. Djafari took out an insurance policy from Guardian in 2001 when he was a medical resident in Louisiana. *Id.* ¶ 13. Berkshire, as a Guardian subsidiary, issued a separate policy to Djafari in Washington D.C. in 2005. *Id.* ¶ 14. Both policies provide monthly payments in the event the insured person becomes disabled. *Id.* ¶¶ 21–22.

Djafari filed a claim for disability benefits on April 4, 2024. *Id.* ¶ 52. Djafari left Texas and moved into his parents' home in Menlo Park, CA in July 2024. *Id.* ¶ 40. Defendants initially acknowledged Plaintiff's disability and paid Residual Disability benefits from March 1, 2023,

United States District Court
Northern District of California

through October 4, 2023, Total Disability benefits from October 4, 2023, through April 25, 2024, and Residual Disability benefits again from April 25, 2024, through February 4, 2025." *Id.* ¶ 55. In October 2024, Defendants hired a physician in California to conduct a neuropsychological exam of Djafari. *Id.* ¶ 62. The physician concluded that Djafari was intentionally exaggerating his symptoms and that no occupational restrictions or limitations—past or present—were warranted. *Id.* ¶ 64. In March 2025, Defendants terminated Djafari's benefits finding that he was no longer eligible for disability benefits. *Id.* ¶ 72.

Djafari filed this case on June 13, 2025. ECF No. 1. On November 6, 2026, Defendants filed a motion to transfer venue to the District Court for the Western District of Texas. ECF No. 31. Djafari opposed the motion on December 4, 2025. ECF No. 36. Defendants filed a reply on December 18, 2025. The Court found the motion suitable for disposition without an oral argument.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332.

## III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted). A motion for transfer lies within the discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Courts considering transfer of venue engage in a two-step analysis. First, courts determine whether the action could have been brought in the target district. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Second, courts "weigh in the balance a number of case-specific factors" to undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). The factors courts consider include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones*, 211 F.3d at 498-99. The moving party bears the burden of showing that the transferee district is the more appropriate forum for the action. *Jones*, 211 F.3d at 499. "A district court is not restricted to the pleadings on a motion transfer and may consider, inter alia, 'undisputed facts supported by affidavits, depositions, stipulations, or other relevant documents.'" *Esquer v. StockX, LLC*, No. 19-cv-05933-LHK, 2020 WL 3487821, at *2 (N.D. Cal. June 26, 2020) (quoting *FastCap, LLC v. Snake River Tool Co.*, No. 15-cv-02764-JSC, 2015 WL 6828196, at *2 (N.D. Cal. Nov. 6, 2015)).

## IV. DISCUSSION

### A. Venue in the Transferee District

Transfer to the Western District of Texas is permissible only if the action could have been brought there originally. "A district court is one in which an action could have been brought originally if (1) it has subject matter jurisdiction; (2) defendants would have been subject to personal jurisdiction; and (3) venue would have been proper." *Duffy v. Facebook, Inc.*, No. 16-cv-06764-JSC, 2017 WL 1739109, at *3 (N.D. Cal. May 4, 2017) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960)).

The parties here agree, and the Court finds, that this action could have been brought in the Western District of Texas.

### B. Convenience of Transfer

Under Section 1404(a), the court has discretion to transfer the case to a different district where the action "might have been brought" (i.e., a district where venue is also proper) for the convenience of the parties and witnesses and the interests of justice. *Doe v. Spahn*, No. 21-CV-04007-LB, 2021 WL 6052088, at *5 (N.D. Cal. Dec. 21, 2021). Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." *Adobe Sys. Inc. v. Childers*, No. 5:10-cv-03571-JF, 2011 WL 566812, at *9 (N.D. Cal. Feb. 14, 2011) (citing *Van Dusen*, 376 U.S. at 646). Transfer "should not be granted if the

effect is simply to shift the inconvenience to the plaintiff." *Adobe Sys.*, 2011 WL 566812, at *9 (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). In general, a defendant "must show that the balance of conveniences weighs heavily in favor of transfer in order to overcome the strong presumption in favor of plaintiff's choice of forum." *Id.*

Courts should "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness," and the moving party bears the "burden of showing that [the proposed transferee court is] the most appropriate forum for the action." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498, 499 (9th Cir. 2000) (citation modified). Factors to be considered include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

Regarding the first factor, "[c]ourts generally accord substantial weight to the plaintiff's choice of venue when the plaintiff is a resident in the chosen forum." *Care from the Heart In-Home Servs., Inc. v. Crefasi Acct. Servs., LLC*, No. 24-CV-06762-NW, 2025 WL 885600, at *3 (N.D. Cal. Mar. 21, 2025) (citing *Johnson v. Ford Motor Co.*, No. 23-CV-01375-PCP, 2023 WL 8654930, at *5 (N.D. Cal. Dec. 14, 2023)). Djafari moved to his parents' home in Menlo Park, California in June 2024 and has remained there ever since. ECF No. 36-1 ¶ 3. He intends to stay in California and has no intention of returning to Texas. *Id.* ¶¶ 5, 7. Many of the facts alleged in the complaint, such as Djafari's neuropsychological examination by Defendant's provider and the care he has received at Stanford Medical Center and Kaiser Permanente, occurred in this district. ECF No. 1 ¶ 62; ECF No. 36-1 ¶ 6. Therefore, this factor weighs against transfer.

The second factor considers convenience to the parties. While Defendants are currently litigating in a distant forum, litigating in Western District of Texas—where no party would be at home—would do nothing to increase convenience to any party. "Because the parties have no greater contact" with Western District of Texas than this district, "this factor weighs against

transfer." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1192 (S.D. Cal. 2007).

The next factor is convenience to the witnesses and availability of evidence. "The convenience of witnesses is often the most important factor in resolving a motion to transfer. The trial court looks at who the witnesses are, where they are located, and the relevance of their testimony." *Ruiz v. Affinity Logistics Corp.*, No. C 05-02015JSW, 2005 WL 5490240, at *3 (N.D. Cal. Nov. 7, 2005) (citing *A.J. Industries, Inc. v. United States District Court,* 503 F.3d 384, 389 (9th Cir.1974)). Defendants argue that "Plaintiff's key medical providers," as well as persons knowledgeable about "his work duties, abilities, and representations of health" are located in Texas. ECF No. 31 at 13–15. Defendants argue that they would be prejudiced by the inability to present these witnesses at trial as they are outside the compulsory subpoena powers of this Court. *Id.* at 15. Djafari responds that many other relevant witnesses—including his new medical providers, the medical reviewer whose opinion led to the revocation of his benefits, and his family members who have witnessed the extent of his disability—are located here in this district. ECF No. 36 at 15; ECF No. 36-1 ¶¶ 2–6. And just as the Texas-based third-party witnesses are beyond the compulsory subpoena power of this district, so would the California-based witnesses who also appear to be important be beyond the Texas court's subpoena power. *See* Fed R. Civ. P. 45(c)(1)(A). Therefore, the Court finds that this factor is neutral.

The next factor is ease of access to evidence. Courts generally no longer regard "the transportation of documents . . . as a burden because of technological advances in document storage and retrieval." *Hendricks v. StarKist Co.*, No. 13-CV-00729 YGR, 2014 WL 1245880, at *4 (N.D. Cal. Mar. 25, 2014) (citing *Van Slyke v. Capital One Bank,* 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007)). While this diminishes the weight of this factor in the transfer determination, ease of access to the evidence remains a factor to consider.[1] *Roe v. Intellicorp Records, Inc.*, No.

---

[1] Some courts acknowledge that the adoption of electronic document production methods means this factor is no longer very helpful in analyzing burden, but attempt to elide this weakness by recasting the factor as identifying a case's "center of gravity," such as in this passage from a colleague court:

> "Although it is true that given technological advances in document

12-cv-0256-YGR, 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012) (citing *Patent Mgmt. Found., LLC v. Analog Devices, Inc.*, Case No. C-10-3620 SBA, 2011 WL 197831, at *4 (N.D. Cal. Jan. 20, 2011)). While Defendants argue that certain documents such as Djafari's health records with his Texas-based providers are more accessible in Texas, other documents regarding his current treatments and the eventual denial of benefits are housed in California. More importantly, no one argues that physical inspection, as opposed to electronic production, will be required with regard to any evidence. Therefore, this factor is neutral.

Familiarity with the law of the forum is also a neutral factor. This case involves breach of contract claims for insurance policies that were negotiated and issued in Louisiana and Washington D.C. respectively. ECF No. 1 ¶¶ 13–14. Courts in Texas and California are equally well-equipped to apply the law of these jurisdictions.

In evaluating the interests of justice, a court may also consider public interest factors, including any local interest in deciding a controversy. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Djafari argues that California has an interest in this case because he resides here. "California has a strong interest in adjudicating disputes involving its citizens." *Seltzer Sister Bottling Co. v. Source Perrier, S.A.*, No. C-90-1468 MHP, 1991 WL 279273, at *8 (N.D. Cal. May 1, 1991). Defendants offer no argument regarding local interest. Therefore, this factor weighs against transfer.

---

> storage and retrieval, transporting documents between districts does not generally create a burden, it is no less true that litigation should proceed where the case finds its center of gravity." *Tessenderlo Kerley, Inc. v. D & M Chem., Inc.,* No. C 11–03955, 2011 WL 5362080, at *3 (N.D. Cal. Nov.7, 2011) (internal quotation marks, alteration, and citation omitted); *see also In re TS Tech USA Corp.,* 551 F.3d 1315, 1321 (Fed. Cir. 2008). The center of gravity of this dispute is likely where EA is located, which is the Northern District. Accordingly, ease of access to the evidence weighs in favor of transfer.

*GameTek LLC v. Elec. Arts Inc.*, No. 12-CV-2927-RBB, 2013 WL 3864343, at *3 (S.D. Cal. July 23, 2013). If "center of gravity" just means "where the evidence is," then it doesn't add anything to use that phrase, and calling the factor by a different name doesn't change the fact that producing evidence in electronic form is equally easy from any location. If "center of gravity" means something different than "where the evidence is," then it doesn't belong in the analysis of this factor.

United States District Court
Northern District of California

Finally, the Court considers potential efficiencies that may be gained by transfer. "In determining whether the interests of justice favor transfer, courts look primarily at considerations of judicial economy." *Zut v. Harrah's Ent., Inc.*, No. C13-2372 TEH, 2013 WL 5442282, at *3 (N.D. Cal. Sept. 30, 2013). "The real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984).

Defendants contend that "[r]elative docket congestion . . . favors transfer to Texas." ECF No. 31 at 16. They note that the median time to disposition is almost three times faster in the Western District of Texas than in this district. *Id.* at 17. While Djafari correctly points out that the Western District of Texas has a substantially larger criminal docket, ECF No. 36 at 16, "Plaintiff does not dispute the greater congestion of the civil docket in California versus Texas," ECF No. 39 at 9. This factor weighs in favor of transfer.

In sum, a majority of the factors weigh against transfer. Because the balance of factors does not strongly favor defendants, the Court will deny the motion to transfer. *See Verco Decking, Inc. v. Consol. Sys., Inc.*, No. CV-11-2516-PHX-GMS, 2012 WL 12827398, at *3 (D. Ariz. Oct. 29, 2012) (denying motion to transfer where "the factor of docket congestion weighs in favor of transfer" but "the majority of the factors tilt against transfer").

**CONCLUSION**

For the foregoing reasons, the Court denies Defendants' motion to transfer.

**IT IS SO ORDERED.**

Dated: August 24, 2026



JON S. TIGAR
United States District Judge